**Dated: January 10, 2020**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

MELODY NAKINA LEWIS,

                    Debtor.

IAN'S ENTERPRISE, LLC, an Oklahoma
limited liability company,

                    Plaintiff,

vs.

MELODY NAKINA LEWIS,

                    Defendant.

Case No. 18- 14388 SAH
(Chapter 7)

Adv. Pro. No. 19-01007

## <u>PRETRIAL ORDER</u>

Date of Trial:  January 23, 2020

<u>PARTIES AND ATTORNEYS</u>:

Plaintiff, Ian's Enterprise, LLC ("Ian's Enterprise"), represented by Gary D. Hammond, Mitchell & Hammond, Oklahoma City, OK

Defendant, Melody Lewis ("Lewis"), represented by Stephen A. Harry, Oklahoma City, OK

I.     <u>STIPULATIONS</u>:

    A.     All parties are properly before the Court.

    B.     The Bankruptcy Court has jurisdiction of the parties and of the subject matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the order of the district court authorizing referral of proceedings to the bankruptcy judges;

    C.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and, to the extent the proceeding may be noncore, the parties consent to entry of judgment by the bankruptcy judge.

    D.     Venue is proper under 28 U.S.C. §§ 1408-1412;

    E.     This action is brought under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B) & (a)(6) to determine whether Lewis is entitled to a discharge of all funds owed to Plaintiff.

    F.     Facts:

        1.     On or about August 14, 2014, Defendant executed and delivered a written promissory note to Plaintiff (the "Note"). Pursuant to the terms of the Note, Defendant agreed to pay the principal sum of $19,080

        2.     Defendant defaulted under the terms of the Note. Plaintiff accelerated all sums due and owing under the Note.

        3.     On or about August 20, 2014, Defendant entered into a Lease Agreement (the "Lease Agreement") to lease certain real property located at 7100 N.W. 32nd Street, Bethany, Oklahoma 73008 (the "Premises"). Pursuant to the Lease Agreement, Plaintiff was the landlord and Defendant was the tenant.

        4.     Pursuant to the terms of the Lease Agreement, Defendant agreed to pay certain rental payments to Plaintiff for the use and occupancy of the Premises. Defendant defaulted in the payment of the required rental amounts pursuant to the Lease Agreement.

5.      Plaintiff made demand on Defendant for payment of all amounts due and owing pursuant to the Lease Agreement. Defendant failed and refused to pay the amounts due and owing.

6.      As part of completing the Note and Lease Agreement, Defendant provided information to Plaintiff regarding Defendant's income that she began earning in 2011.

7.      The information Defendant provided to Plaintiff regarding her income was false.

8.      In addition to providing false information to Plaintiff regarding her income, Plaintiff also engaged in Medicaid fraud.

9.      On or about April 12, 2017, Defendant plead guilty to Medicaid fraud in *State of Oklahoma v. Melody Nakina Lewis*, Case CF-2015-5836, Oklahoma County, State of Oklahoma (the "*Medicaid Fraud Case*").

10.     On or about September 1, 2017, Defendant received a five (5) year suspended sentence and a monetary penalty of $94,000 in the *Medicaid Fraud Case*.

11.     When Defendant submitted her income information to Plaintiff as part of completing the Note and Lease Agreement, Defendant used the same fraudulent information regarding her income that was used by Defendant as part of the Medicaid Fraud that was the subject of the *Medicaid Fraud Case*.

12.     On November 13, 2015, Plaintiff filed a lawsuit against Defendant for breach of the Lease Agreement and failure to pay the sums due pursuant to the Note. The lawsuit was styled as *Ian's Enterprise, LLC v. Melody Lewis*, Case No. CJ-2015-6205, Oklahoma County, State of Oklahoma (the "*State Court Case*").

13.     On January 14, 2016, Plaintiff got a judgment against Defendant in the *State Court Case* in the amount of $31,076.87, plus pre-judgment and post-judgment interest, for attorney's fees of $2,980.00 and for costs of $369.91.

14.     Plaintiff entered in the Note and Lease Agreement based, in part, on the false information Defendant provided regarding her income. This false information was part of the same false information that resulted in the filing of the *Medicaid Fraud Case.*

G.      Legal Issue(s):

1.      Should Lewis' discharge be denied pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B) & (a)(6)?

2.      Should Defendant be awarded fees and cost pursuant to 11 U.S.C. §523(g).

II.    <u>CONTENTIONS</u>:

A.    <u>Plaintiff</u>:

1.    Facts:

(a)    On or about August 14, 2014, Defendant executed and delivered a written promissory note to Plaintiff (the "Note"). Pursuant to the terms of the Note, Defendant agreed to pay the principal sum of $19,080.

(b)    Defendant defaulted under the terms of the Note. Plaintiff accelerated all sums due and owing under the Note.

(b)    On or about August 20, 2014, Defendant entered into a Lease Agreement (the "Lease Agreement") to lease certain real property located at 7100 N.W. 32nd Street, Bethany, Oklahoma 73008 (the "Premises"). Pursuant to the Lease Agreement, Plaintiff was the landlord and Defendant was the tenant.

(d)    Pursuant to the terms of the Lease Agreement, Defendant agreed to pay certain rentals to Plaintiff for the use and occupancy of the Premises. Defendant defaulted in the payment of the required rental amounts pursuant to the Lease Agreement.

(e)    Plaintiff made demand on Defendant for payment of all amounts due and owing pursuant to the Lease Agreement. Defendant failed and refused to pay the amounts due and owing.

(f)    As part of completing the Note and Lease Agreement, Defendant provided information to Plaintiff regarding Defendant's income that she began earning in 2011.

(g)     The information Defendant provided to Plaintiff regarding her income was false.

(h)     In addition to providing false information to Plaintiff regarding her income, Plaintiff also engaged in Medicaid fraud.

(i)     On or about April 12, 2017, Defendant plead guilty to Medicaid fraud in State of Oklahoma v. Melody Nakina Lewis, Case CF-2015-5836, Oklahoma County, State of Oklahoma (the "Medicaid Fraud Case").

(j)     On or about September 1, 2017, Defendant received a five (5) year suspended sentence and a monetary penalty of $94,000 in the *Medicaid Fraud Case*.

(k)     When Defendant submitted her income information to Plaintiff as part of completing the Note and Lease Agreement, Defendant used the same fraudulent information regarding her income that was used by Defendant as part of the Medicaid Fraud that was the subject of the *Medicaid Fraud Case*.

(l)     On November 13, 2015, Plaintiff filed a lawsuit against Defendant for breach of the Lease Agreement and failure to pay the sums due pursuant to the Note. The lawsuit was styled as *Ian's Enterprise, LLC v. Melody Lewis*, Case No. CJ-2015-6205, Oklahoma County, State of Oklahoma (the "*State Court Case*").

(m)     On January 14, 2016, Plaintiff got a judgment against Defendant in the *State Court Case* in the amount of $31,076.87, plus pre-judgment and post-judgment interest, for attorney's fees of $2,980.00 and for costs of $369.91.

(n)     Plaintiff entered in the Note and Lease Agreement based, in part, on the false information Defendant provided regarding her income. This false information was part of the same false information that resulted in the filing of the *Medicaid Fraud Case.*

2.     Factual Issues:

(a)     Was the Note and Lease Agreement submitted by Debtor a statement in writing, that was materially false, respecting Debtor's financial condition, on which Plaintiff reasonably relied and that Debtor caused to be

made or published with the intent to deceive and, therefore, Debtor's discharge should be denied pursuant to 11 U.S.C. § 523(a)(2)(B)?

(b)     Were Debtor's actions to induce Plaintiff to enter into the Note and Lease Agreement based on a false pretense, false representation or actual fraud by Debtor and, therefore, Debtor should not be able to discharge her indebtedness to Plaintiff pursuant to 11 U.S.C. §523(a)(2)(A)?

(c)     Were Debtor's actions done willfully and maliciously to Plaintiff and, therefore, Debtor should not be able to discharge her indebtedness to Plaintiff pursuant to 11 U.S.C. §523(a)(6)?

B.     <u>Defendant</u>:

1.     Facts:
(a)     Defendant will stipulate Plaintiff received default judgment for breach of contract in State Court.

(b)     Defendant gave 60 days' notice to Plaintiff of her intent to vacate home located at 7100 NW 32nd St. Bethany, OK and move to Texas. Plaintiff gave permission to breach lease and stated no legal action will take place against her, on which representation Defendant relied.

(c)     Defendant had rented several other homes from Plaintiff prior to the lease on the property located at 7100 NW 32nd St. Bethany, OK.

(d)     Defendant provided income evidence and completed all application requirements for the first rental home located at 965 Choctaw Vista Rd. Choctaw, OK.

(e)     All income verifications and application documents given to Plaintiff were true and accurate.

(f)     Defendant never received any notice of any State Court action brought by Plaintiff resulting in default judgments.

(g)     Plaintiff never alleged any fraudulent actions on the part of defendant in any State Court proceeding.

2.      Factual Issues:

(a)      Whether Plaintiff's position is substantially justified pursuant to 11 U.S.C. §523(d)

(b)      Defendant objects to Plaintiff's exhibits # 3, # 4, # 6, # 7 as not relevant to a breach of contract issue and are prejudicial against the Defendant.

(c)      Defendant objects to Plaintiff's witnesses # 3, # 4, #7 as they do not offer any relevant information as to the breach of contract issue before the Court.

III.    EXHIBITS:

A.    Plaintiff:

| Admitted/ Denied | Exhibit No. | Description | Objection |
|---|---|---|---|
| | 1 | Judgment Balance Summary, CJ-2015-6205 (P-00001) | |
| | 2 | Judgment Statement through 10/18/2018, CJ-2015-6205 (P-00002-00007) | |
| | 3 | Judgment and Sentence, CF-2015-5836, filed 9/1/2017 (P-00008-00014) | Defendant Objects |
| | 4 | Sentencing After Previous Plea of Guilty, CF-2015-5836, filed 8/9/2017 (P-00015-00021) | Defendant Objects |
| | 5 | Journal Entry of Judgment, CJ-2015-6205, entered 1/7/2016, filed 1/14/2016 (P-00022-00023) | |
| | 6 | Plea of Guilty Summary of Facts, CF-2015-5836, filed 4/12/2017 (P-00024-00032) | Defendant Objects |

7

| Admitted/ Denied | Exhibit No. | Description | Objection |
|---|---|---|---|
|  | 7 | Criminal Complaint, CF-2015-5836, filed 7/30/2015 (P-00033-00041) | Defendant Objects |
|  | 8 | Lease Agreement of Melody Lewis, signed 8/20/2014 (P-00042-00058) |  |
|  | 9 | Tenancy Application of Melody Lewis, signed 8/14/2014 (P-00059-00067) |  |
|  | 10 | Promissory Note of Melody Lewis, signed 8/14/2014 (P-00068-00074) |  |
|  | 11 | Hearts of Hope documents: billing records, notes, records related to Melody Lewis' work and services provided |  |

B.    Defendant:

| Admitted/ Denied | Exhibit No. | Description | Objection |
|---|---|---|---|
|  | 1 | Rental Application on 965 Choctaw Vista/7100 NW 32nd St |  |

IV.   <u>WITNESSES</u>:

The parties anticipate calling the following witnesses:

A.   <u>Plaintiff</u>:

|  | **Witness** | **Expected Testimony** |
|---|---|---|
| 1. | Melody N. Lewis<br>1817 NW 172nd Street<br>Edmond, OK 73012 | Ms. Lewis will testify regarding the facts and circumstances of this adversary proceeding. |
| 2. | Ian Rupert<br>Ian's Enterprise, LLC<br>9450 SW Gemini Dr. #39525<br>Beaverton, OR 97008 | Mr. Rupert will testify regarding the facts and circumstances of this adversary proceeding. |
| 3. | Samuel Heinen<br>Medicaid Fraud Control Unit<br>Oklahoma Office of Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105-3207 | Mr. Heinen will testify regarding the facts and circumstances of this adversary proceeding. |
| 4. | Justin Etchieson, Auditor/Analyst<br>Medicaid Fraud Control Unit<br>Oklahoma Office of Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105-3207 | Mr. Etchieson will testify regarding the facts and circumstances of this adversary proceeding. |
| 5. | Rachael Lowery<br>Hearts of Hope, LLC<br>400 S. Broadway, #2<br>Edmond, OK 73034-3848 | Ms. Lowery will testify regarding the facts and circumstances of this adversary proceeding. |
| 6. | Valerie Whiteneck<br>Hearts of Hope, LLC<br>400 S. Broadway, #2<br>Edmond, OK 73034-3848 | Ms. Whiteneck will testify regarding the facts and circumstances of this adversary proceeding. |
| 7. | Any other witnesses listed within the Criminal Complaint under CF-2015-5836 filed 7/30/2015, as necessary to prove underlying criminal charge | Witnesses will testify to prove underlying criminal charge. |
| 8. | Any witnesses used for rebuttal purposes | |

B.    Defendant:

| Name | Address | Proposed Testimony |
|---|---|---|
| Melody N. Lewis<br>1817 NW 172nd Street<br>Edmond, OK 73012 | | Ms. Lewis will testify regarding the facts and circumstances of this adversary proceeding |

| Name | Address | Proposed Testimony |
|---|---|---|
| Ian Rupert<br>Ian's Enterprise LLC<br>9450 SW Gemini Dr. # 39525<br>Beaverton, OR 97008 | | Mr. Rupert will testify regarding the facts and circumstances of this adversary proceeding |

V.    POSSIBILITY OF SETTLEMENT:

Good _____;        Fair _____;        Poor __X_____

VI.    ESTIMATED TRIAL TIME:

One day.

VII.    CHRONOLOGICAL LISTING OF PERTINENT EVENTS – See attached Appendix A

###

10

APPROVED FOR FORM AND CONTENT:


/s/ Gary D. Hammond
Gary D. Hammond, OBA #13825
MITCHELL & HAMMOND
An Association of Professional Entities
512 N.W. 12th Street
Oklahoma City, OK  73103
405.216.0007 Telephone
405.232.6358 Facsimile
gary@okatty.com Email
**ATTORNEY FOR PLAINTIFF,**
**IAN'S ENTERPRISE, LLC**



/s/ Stephen A. Harry
Stephen A. Harry, OBA #20499
3030 NW Expressway, Suite 200
Oklahoma City, OK  73112
405.964-4353Telephone
405.214.1486 Facsimile
stephenaharry@sahlawoffice.com Email
**ATTORNEY FOR DEFENDANT,**
**MELODY LEWIS**

APPENDIX TO PRETRIAL ORDER IN 18- 14388 SAH

TIMELINE

1.  On or about August 14, 2014, Defendant executed and delivered a written promissory note to Plaintiff (the "Note"). Pursuant to the terms of the Note, Defendant agreed to pay the principal sum of $19,080.

2.  Defendant defaulted under the terms of the Note. Plaintiff accelerated all sums due and owing under the Note.

3.  On or about August 20, 2014, Defendant entered into a Lease Agreement (the "Lease Agreement") to lease certain real property located at 7100 N.W. 32nd Street, Bethany, Oklahoma 73008 (the "Premises"). Pursuant to the Lease Agreement, Plaintiff was the landlord and Defendant was the tenant.

4.  Pursuant to the terms of the Lease Agreement, Defendant agreed to pay certain rentals to Plaintiff for the use and occupancy of the Premises. Defendant defaulted in the payment of the required rental amounts pursuant to the Lease Agreement.

5.  Plaintiff made demand on Defendant for payment of all amounts due and owing pursuant to the Lease Agreement. Defendant failed and refused to pay the amounts due and owing.

6.  As part of completing the Note and Lease Agreement, Defendant provided information to Plaintiff regarding Defendant's income that she began earning in 2011.

7.  The information Defendant provided to Plaintiff regarding her income was false.

8.  In addition to providing false information to Plaintiff regarding her income, Plaintiff also engaged in Medicaid fraud.

9.  On or about April 12, 2017, Defendant plead guilty to Medicaid fraud in *State of Oklahoma v. Melody Nakina Lewis*, Case CF-2015-5836, Oklahoma County, State of Oklahoma (the "*Medicaid Fraud Case*").

10. On or about September 1, 2017, Defendant received a five (5) year suspended sentence and a monetary penalty of $94,000 in the *Medicaid Fraud Case*.

11. When Defendant submitted her income information to Plaintiff as part of completing the Note and Lease Agreement, Defendant used the same fraudulent information regarding her income that was used by Defendant as part of the Medicaid Fraud that was the subject of the *Medicaid Fraud Case*.

12. On November 13, 2015, Plaintiff filed a lawsuit against Defendant for breach of the Lease Agreement and failure to pay the sums due pursuant to the Note. The lawsuit was styled as *Ian's Enterprise, LLC v. Melody Lewis*, Case No. CJ-2015-6205, Oklahoma County, State of Oklahoma (the "*State Court Case*").

13. On January 14, 2016, Plaintiff got a judgment against Defendant in the *State Court Case* in the amount of $31,076.87, plus pre-judgment and post-judgment interest, for attorney's fees of $2,980.00 and for costs of $369.91.

14. Plaintiff entered in the Note and Lease Agreement based, in part, on the false information Defendant provided regarding her income. This false information was part of the same false information that resulted in the filing of the *Medicaid Fraud Case*.