IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>MELODY NAKINA LEWIS,<br><br>                             Debtor. | Case No. 18- 14388 SAH<br>(Chapter 7) |
| IAN'S ENTERPRISE, LLC, an Oklahoma limited liability company,<br><br>                             Plaintiff,<br><br>vs.<br><br>MELODY NAKINA LEWIS,<br><br>                             Defendant. | Adv. Pro. No. 19-1007 SAH |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S AMENDED MOTION TO RECONSIDER**

COMES NOW Ian's Enterprise, LLC, an Oklahoma limited liability company ("Plaintiff") and files *Plaintiff's Response To Amended Motion To Reconsider With Brief In Support With Notice And Opportunity For Hearing* to Defendant's *Amended Motion To Reconsider With Brief In Support With Notice And Opportunity For Hearing* (the "*Motion*")[1] [Doc. 43] filed April 20, 2020 and requests the Court deny Defendant's request. In support, Plaintiff states as follows:

1. The crux of the *Motion* is that Defendant requests the Court rescind the *Judgment* filed April 9, 2020 [Doc. 44] and allow Defendant's counsel additional time to pay the attorney's fees that were ordered to be paid pursuant to the *Order Granting Amended*

---

[1] The *Motion* states that it is brought pursuant to F. R. Civ. P. 59(e). F. R. Bankr. P. 9023 states that F. R. Civ. P. 59 applies to this case and that a motion to alter or amend a judgment shall be filed no later than fourteen (14) days after the entry of the judgment.

*Application For Award Of Attorney Fees, Notice Of Opportunity For Hearing And Notice Of Hearing* filed March 15, 2020 [Doc. 31]. The *Motion* does not present any new evidence or other basis for the Court to alter, amend or rescind the *Judgment*. Accordingly, Plaintiff requests the Court deny the *Motion*.

2. On March 26, 2020, Defendant's counsel emailed Plaintiff's counsel regarding the amended Pretrial Order that was due April 6, 2020. Defendant's counsel did not state in the email anything regarding his inability to pay the Court ordered attorney's fees (See Exhibit "A", Page 1).

3. On April 1, 2020 Plaintiff's counsel's legal assistant spoke to Defendant's counsel via telephone regarding the amended Pretrial Order that was due on April 6, 2020. Defendant's counsel did not disclose that he was not going to be able to pay the Court ordered attorney's fees or that he was trying to reach Plaintiff's counsel to discuss the Court ordered attorney's fees (See Exhibit "A", Page 8).

4. On April 3, 2020, Plaintiff's counsel's legal assistant emailed Defendant's counsel regarding the amended Pretrial Order. Defendant's counsel replied to the email but did not advise of an inability to pay or that he was trying to reach Plaintiff's counsel to discuss the Court ordered attorney's fees (See Exhibit "A", Pages 11-12).

5. On April 6, 2020, Plaintiff's counsel emailed Defendant's counsel regarding the amended Pretrial Order. Defendant's counsel did not respond to this email (See Exhibit "A", Page 3).

6. On April 6, 2020, Defendant's counsel exchanged several email messages with Plaintiff's counsel's legal assistant but did not address the Court ordered attorney's fees (See Exhibit "A", Pages 13-16).

7. On April 6, 2020, at approximately 2:20 p.m. Plaintiff's counsel called Defendant's counsel and left a voicemail message on Defendant's counsel's cell phone asking if he had permission to upload the amended Pretrial Order and about the status of the payment (See Exhibit "A", Page 9).

8. On April 6, 2020 at 2:29 p.m. Defendant's counsel responded to Plaintiff's counsel's legal assistant's email stating that he approved the amended Pretrial Order for upload. Defendant's counsel did not address his inability to pay the Court ordered attorney's fees (See Exhibit "A", Pages 13-14).

9. Defendant states in the *Motion* that Defendant's counsel left a telephone message for Plaintiff's counsel on April 6, 2020 asking for more time to pay the fee. Plaintiff's counsel did not receive a telephone message and his receptionist's telephone call notes do not show that she spoke to Defendant's counsel on April 6, 2020. On Plaintiff's counsel's telephone call log there is one call from Defendant's counsel's cell phone on April 6, 2020 at 2:53 p.m., but the call did not go to voicemail and was not answered before the caller hung up. There are no other calls from either Defendant's counsel's cell phone number or office phone number on the telephone call log between March 15, 2020 and April 9, 2020.

10. Plaintiff's counsel sent Defendant's counsel an email on April 6, 2020 at 3:24 p.m. asking if he was going to be paying the Court ordered attorney's fees that day. Defendant's counsel did not respond to the email (See Exhibit "A", Page 4).

11. Plaintiff's counsel sent another email to Defendant's counsel on April 7, 2020 at 3:27 p.m., asking if Defendant's counsel had received his previous email about the Court ordered attorney's fees and if he had sent the payment. Defendant's counsel sent a reply

email on April 7, 2020 at 3:53 p.m. stating that he did not have the funds to pay and did not know when he would be able to pay (See Exhibit "A", Pages 5-6).

12. Now, in the *Motion*, Defendant is requesting that the Court "rescind" the April 9, 2020 Judgment [Doc. 38]. Defendant did not ask the Court to reconsider or rescind the *Order Granting Amended Application For Award Of Attorney's Fees, Notice Of Opportunity For Hearing And Notice Of Hearing* filed March 15, 2020 [Doc. 31]. Instead, Defendant is for the first time disclosing that Defendant's counsel does not have the ability to pay the Court ordered attorney's fees and using that as the basis to request that the Court rescind the Judgment filed April 9, 2020.

13. At no time prior to Defendant filing the *Motion* did Defendant's counsel disclose that he would not be able to pay the Court ordered attorney's fees. Based on the *Motion*, however, Defendant's counsel knew at the January 23, 2020, trial for this matter that he would not be able to pay the Court ordered attorney's fees. Despite knowing his inability to pay, Defendant's counsel chose to withhold this information from the Court. For Defendant or Defendant's counsel to now come before the Court and seek additional time to pay Court ordered attorney's fees is too late.

14. Defendant's request for a rescission of the April 9, 2020 Judgment based on Defendant's counsel's inability to pay the Court ordered attorney's fees is not a valid basis under Rule 59(e) for the Court to alter or amend the Judgment.

15. Rule 59(e) is a remedy to be used sparingly. See, *Gagliano v. Reliance Standard Life Insurance Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008).

16. The Supreme Court has quoted with approval the statement in a leading treatise that Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127–28 (2d ed. 1995)). But cf. Wright & Miller § 2810.1 at 158 (2012) (stating that a Rule 59(e) motion may be granted if the movant "demonstrate[s] that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based."). In the case at bar, Defendant's counsel knew by no later than the January 23, 2020, trial that he would not be able to pay the Court ordered attorney's fees. To wait until after the Court entered the *Order Granting Amended Application For Award Of Attorney's Fees, Notice Of Opportunity For Hearing And Notice Of Hearing* filed March 15, 2020 [Doc. 31] is too late. Defendant's counsel should have disclosed to the Court on January 23, 2020, that he could not pay. Alternatively, at the hearing on March 11, 2020 to consider the *Amended Application For Award Of Attorney Fees, Notice Of Opportunity For Hearing And Notice Of Hearing* filed February 18, 2020 [Doc. 27], Defendant's counsel should have disclosed to the Court his inability to pay the Court ordered attorney's fees. Defendant's counsel chose to remain silent despite knowing his inability to pay. Such failure to disclose known information is not a basis under Rule 59(e) to alter, amend or rescind the Judgment.

17. Based on the foregoing, Plaintiff requests the Court deny Defendant's request to rescind the Judgment [Doc. 38].

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court deny Defendant's *Amended Motion To Reconsider With Brief In Support With Notice And Opportunity For Hearing* [Doc. 43] filed April 19, 2020 and for such other relief as the Court deems equitable.

    Respectfully Submitted,

    /s/ Gary D. Hammond
    Gary D. Hammond, OBA# 13825
    MITCHELL & HAMMOND
    An Association of Professional Entities
    512 N.W. 12th Street
    Oklahoma City, OK  73103
    405.216.0007  - Telephone
    405.232.6358  - Facsimile
    gary@okatty.com - Email
    **ATTORNEYS FOR IAN'S ENTERPRISE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24 2020, a true and correct copy of this document was electronically served using the CM/ECF system to:

Stephen Harry
4101 Perimeter Center Drive, Suite 110
Oklahoma City, OK 73112

    /s/ Gary D. Hammond
    Gary D. Hammond, OBA# 13825