**Dated: April 30, 2020**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MELODY NAKINA LEWIS, | ) | Case No. 18-14388-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| IAN'S ENTERPRISE, LLC, | ) | |
| an Oklahoma limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 19-01007-SAH |
| | ) | |
| MELODY NAKINA LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING AMENDED MOTION FOR RECONSIDER COVER SHEET (WITH ATTACHED MOTION TO RECONSIDERED [SIC] WITH BRIEF IN SUPPORT WITH NOTICE OF OPPORTUNITY FOR HEARING) [DOC. 43]**

Before the Court is the Motion for Reconsider Cover Sheet (with attached Motion to

Reconsidered [sic] with Brief in Support with Notice of Opportunity for Hearing) [Doc. 43],[1] filed by defendant Melody Nakina Lewis ("Defendant") on April 20, 2020 (the "Motion"),[2] and the Plaintiff's Response to Defendant's Amended Motion to Reconsider [Doc. 44], filed by plaintiff Ian's Enterprise, LLC ("Plaintiff") on April 24, 2020 (the "Objection").  The Motion requests this Court set aside its Judgment [Doc. 38], entered on April 9, 2020 (the "Judgment"), pursuant to Rule 59(e), Fed. R. Civ. P. (applicable to this proceeding pursuant to Rule 9023, Fed. R. Bankr. P.).

Understanding the path to entry of the Judgment is critical to evaluating Defendant's request for relief.  Trial in this adversary proceeding commenced on January 23, 2020.  After the Court read the stipulated facts from the Final Pretrial Order filed on January 10, 2020 [Doc. 23], into the record, counsel for Defendant ("Defendant Counsel") advised the Court that Defendant did not agree with all the Stipulations notwithstanding Defendant Counsel having reviewed, agreed to, and signed the Final Pretrial Order.  The Stipulations in the Final Pretrial Order confessed essential elements of Plaintiff's claims against Defendant.  Consequently, the Court concluded, for the reasons stated on the record, under the manifest injustice standard, amendment of the Final Pretrial Order should be allowed.  However, as the amendment of the Stipulations would materially change Plaintiff's burden of proof at trial, the Court continued the trial and

---

[1] The Federal Rules of Civil Procedure do not recognize a motion to reconsider.  See Fed. R. Civ. P. 59 and 60, made applicable by Fed. R. Bankr. P. 9023 and 9024 respectively.  In the Tenth Circuit, "[if] the motion is filed within ten days of the bankruptcy court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)."  Armstrong v. Potter (In re Potter), 285 B.R. 344 (10th Cir. BAP 2002).

[2] The Motion unnecessarily includes a cover-sheet which should not be used in the future.  The Motion itself should have been titled as an amended motion with the corrected information contained therein.

directed the parties to file an Amended Final Pretrial Order. The Court recognized that counsel for Plaintiff incurred significant fees and costs preparing for a trial based upon incorrect Stipulations. It thus directed Plaintiff to file an application for attorney's fees and costs incurred between January 10, 2020, and January 23, 2020, in preparation of trial. The Court advised Defendant Counsel he would be responsible for compensating Plaintiff's counsel because of his gross oversight in signing the Final Pretrial Order with Stipulations to which he (and presumably Defendant) did not agree, and his failure to advise the Court and Plaintiff of this until after trial had commenced. The Court further directed that Defendant Counsel would have until April 6, 2020, to pay the fees and expenses awarded to Plaintiff's counsel, and failure to do so would result in entry of the Judgment.

Plaintiff filed its Amended Application for Award of Attorney Fees, Notice of Opportunity for Hearing and Notice of Hearing [Doc. 27] on February 18, 2020 (the "Fee Application"). Defendant filed the Objection for Award of Attorney Fees [Doc. 29] on February 25, 2020 (the "Fee Objection"). At the hearing Defendant failed to present any evidence suggesting the time spent and fees incurred were unreasonable or out of line with prevailing rates charged in the Oklahoma City area. The Court approved the Fee Application with a slight downward adjustment and entered the Order Granting Amended Application for Award of Attorney Fees, Notice of Opportunity for Hearing and Notice of Hearing [Doc. 31], on March 15, 2020 (the "Fee Order"). The Fee Order, consistent with the Court's ruling at the aborted trial, directed Defendant Counsel to pay $5,653.00 in approved attorney's fees and costs to Plaintiff's counsel no later than April 6, 2020, or the Judgment would be entered in favor of Plaintiff and against Defendant. When

3

Defendant Counsel failed to comply with the Fee Order or request any relief from the Fee Order, the Court entered the Judgment.

Defendant now wants the Judgment reconsidered under Rule 59(e) because Defendant Counsel's failure to properly review the Final Pretrial Order but nevertheless approve it, and his subsequent failure to pay the attorney's fees in accordance with the Fee Order, have caused Defendant to suffer and lose her right to a trial. However, Defendant has not met the requisite standards for reconsideration under Rule 59(e); thus, her Motion is denied.

To succeed on a motion to reconsider under Rule 59(e), Defendant must demonstrate one of the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." In re Expert S. Tulsa, LLC, 522 B.R. 634, 649–50 (10th Cir. BAP 2014), aff'd, 619 F. App'x 779 (10th Cir. 2015) (citing Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Cf. Fed. R. App. P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed *or advance arguments that could have been raised in prior briefing*." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991) (emphasis added)). A motion for reconsideration cannot present evidence that was in existence at the time of the Court's initial consideration of the matter. Lindley v. Life Investors Ins. Co. of America, 2010 WL 1542568 (N.D. Okla. 2010) (citing Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008), cert. denied, 555 U.S. 953 (2008); United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 935 (8th Cir. 2006)).

Defendant asserts neither an intervening change in controlling law, new evidence not previously available, nor clear error. Her Motion rests exclusively on preventing manifest injustice (which coincidentally was the same basis for continuing the aborted trial at her request). Defendant urges this Court to "rescind the judgement and allow additional time for Defendants [sic] counsel to pay the attorney's fee award." The stated justification for vacating the Judgment is Defendant Counsel's health problems in the summer and fall of 2019 which diminished his earning capacity. The Court was unaware of Defendant Counsel's health problems until reading the Motion last week. While the Court has compassion for Defendant Counsel, he was well aware of his health concerns and their consequences on his ability to comply with the Fee Order in January 2020, when the preliminary fee award ruling was made, in February 2020, when he filed his objection to the Fee Application, and in March 2020, when he appeared and argued at the hearing on the Fee Application. At no point during this two month period (well after his health problems arose) did Defendant Counsel mention health problems impairing his ability to satisfy his obligation to compensate Plaintiff's counsel. He instead chose to stick his head in the sand and allow the Fee Award to be entered, to go unpaid, and the Judgment to be entered as a result of his failure to pay the Fee Award. Only then did Defendant Counsel take action and inform the Court of his dilemma. However, his actions were too little, too late, and of no import to obtaining relief under Rule 59(e).

The purpose of Rule 59(e) motions is not to provide a party with "'another bite at the apple'" by presenting evidence that could have and, **should have been**, presented prior to entry of the Order. In re Bardenshtein, 2009 WL 722590 (Bankr. C.D. Ill. 2009) (quoting In re BNT Terminals, Inc., 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990)); Walker v. Progressive Direct Ins.

Co., 2011 WL 3321260 (N.D. Okla. 2011) (It is an improper use of a Rule 59(e) motion to seek another bite of the apple to raise an argument that could have previously been raised).  A Rule 59(e) motion may not be used "'to raise arguments or present evidence that could have been raised prior to entry of the judgment.'"  Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008)).  And, parties may not use a motion for reconsideration to offer new evidence that could have been presented in a previously filed response or at a hearing unless a reason for failing to raise the issue earlier is provided.  Williams v. Gate Gourmet, Inc., 2011 WL 13180252 (N.D. Ga. 2011).  Defendant Counsel provides no excuse for not previously raising his health problems and resulting financial difficulties to the Court either at the originally scheduled trial in January when the Court awarded the fees and set deadlines for filing the Fee Application and for payment to Plaintiff's counsel, in his Fee Objection filed in February, or during the hearing on the Fee Application held in March.  Defendant Counsel had ample opportunity to raise those grounds for an extension of time to pay any fees awarded but remained silent and allowed the Court to enter the Judgment upon his non-payment of the fees.

     Defendant Counsel has developed an unfortunate pattern of disregarding judicial efficiency and the economic consequences of his own actions on others.  He first allowed Plaintiff, Plaintiff's counsel, and the Court to prepare for a trial and commence such trial based on a Final Pretrial Order he failed to closely read before approving.  He then allowed the Judgment to be entered.  Now he requests that it be vacated based on facts of which he was fully aware but failed to

disclose back in January, February, and March 2020. The Court will not condone such dilatory conduct by reconsidering entry of the Judgment.[3]

Accordingly, for the reasons set forth above, the Motion is DENIED.

IT IS SO ORDERED.

# # #

---

[3]Clients are generally held responsible and accountable for the acts and omissions of their counsel. McCraney v. High Desert Neurology, Inc. (In re McCraney), 439 B.R. 188, 205 (Bankr. D. N.M. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Gripe v. City of Enid, OK, 312 F.3d 1184, 1189 (10th Cir. 2002) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct, 1386, 8 L.Ed.2d 734 (1962)). Defendant, rather than Plaintiff, should bear the consequences of Defendant Counsel's litigation conduct.