IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>MELODY NAKINA LEWIS,<br><br>　　　　　　　　　　　　Debtor.<br><br>―――――――――――――――<br><br>IAN′S ENTERPRISE, LLC, an Oklahoma limited liability company,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MELODY NAKINA LEWIS,<br><br>　　　　　　　　　　　　Defendant. | Case No. 18- 14388 SAH<br>(Chapter 7)<br><br><br><br><br><br><br><br><br><br>Adv. Pro. No. 19-1007 SAH |

**MOTION FOR ATTORNEYS FEES AND COSTS WITH BRIEF IN SUPPORT,
<u>NOTICE OF OPPORTUNITY FOR HEARING AND NOTICE OF HEARING</u>**

COMES NOW, Ian's Enterprise, LLC ("Plaintiff") and requests that the Court grant the Plaintiff an award against Melody Nakina Lewis ("Defendant") for reimbursement of the attorney fees, costs and expenses that Plaintiff has incurred in this case. In support, Plaintiff states as follows:

1. Plaintiff commenced this adversary proceeding by filing *Ian's Enterprise, LLC Complaint For Determination Of Nondischargeability And For Judgment In the Amount Of Nondischargeable Claim Pursuant to 11 U.S.C. § 523*, on January 18, 2019 [Doc. 1].

2. The underlying nature of the lawsuit was a breach of contract by Defendant by failing to fulfill the terms of a Lease Agreement and Promissory Note.

3. On April 9, 2020, *Judgment* was entered in favor of Plaintiff [Doc. 38].

4. Pursuant to the terms of the Promissory Note Plaintiff is entitled to recover reasonable attorney fees, costs and expenses. See, Exhibit "A."

5. Pursuant to 12 O.S. § 936, Plaintiff as the prevailing party in the state court lawsuit commenced by Plaintiff for Defendant's breach, is entitled to an award of attorney's fees. Further, pursuant to 12 O.S. § 928, Plaintiff as the prevailing party is entitled to an award of costs incurred in this action.

6. Plaintiff has incurred attorneys' fees, costs and expenses throughout the duration of this adversary matter. Specifically, Plaintiff incurred $13,033.00 in attorney's fees for pursuing this adversary proceeding. In addition, Plaintiff incurred $1,360.93 in costs to pursue this adversary proceeding.

**BRIEF IN SUPPORT**

There is no general right to recover attorney's fees under the Bankruptcy Code. See, *In re Hosseini,* 504 B.R. 558, 568 (9th Cir. BAP 2014). Under the American Rule, the prevailing party in a non-dischargeability action does not ordinarily recover attorney's fees. See, *Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 448 (2007). The default application of that rule can be overcome by statute or an enforceable contract. *Id*. A contract enforceable under substantive non-bankruptcy law that allocates attorney's fees is enforceable in a bankruptcy case, unless the Bankruptcy Code provides otherwise. *Id*.

In this case, the Promissory Note and 12 O.S. §§ 928 and 936 expressly provide that Plaintiff is entitled to an award of attorney's fees and costs. Pursuant to the terms of the Promissory Note that Defendant executed, Plaintiff is entitled to attorney's fees incurred as a result of having to pursue this matter. The Promissory Notes states that Plaintiff is entitled to attorney's fees "…incurred by the Lender in enforcing this Note as a result of any default by the Borrower…."

2

See, Exhibit "A." Based on the clear language of the Promissory Note, Plaintiff is entitled to an award of attorney's fees incurred for pursing this matter, including the attorney's fees incurred for this adversary proceeding.

Pursuant to 12 O.S. § 936 as the prevailing party, Plaintiff is also entitled to an award of attorney's fees. 12 O.S. § 936 states in any "…civil action to recover…on…[a]…note…the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." See, 12 O.S. § 936.

Pursuant to 12 O.S. § 928, Plaintiff is also entitled to an award for all costs incurred in this action. Plaintiff incurred $1,360.93 in costs for this matter ($350 filing fee, $65 process server fee to serve Complaint on Defendant, $370 process server and witness fees on trial subpoenas for Valerie Whiteneck, Rachel Lowry and Hearts of Hope LLC, $575.93 deposition cost to depose Defendant).

Based on the Promissory Note, 12 O.S. §§ 936 and 928, Plaintiff, as the prevailing party, is entitled to an award of attorney's fees and costs. Accordingly, Plaintiff requests the Court order that Plaintiff is entitled recover $13,033 in attorney's fees and $1,360.93 in costs incurred in this adversary proceeding for a total of $14,393.93.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document**. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.
**The 21 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

**NOTICE OF HEARING (TO BE HELD IF RESPONSE IS FILED)**

**Notice is hereby given that if a response is filed, the hearing on the matter will be held before the Honorable Sarah A. Hall on June 10, 220 at 9:30 a.m. Due to COVID-19, this hearing will be conducted telephonically. In order to participate in this hearing, please call 866-590-5055 at the scheduled hearing time. The access code for the call is 4489321. Please enter this access code when prompted in order to join the telephonic hearing. If no response is timely filed and the Court grants the requested relief prior to the above referenced hearing date, the hearing will be stricken from the docket.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court enter an order granting Plaintiff an award of $13,033 for attorney's fees and $1,360.93 for costs incurred in this adversary proceeding, for a total of $14,393.93, and for such other relief as the Court deems equitable.

Respectfully Submitted,

/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825
MITCHELL & HAMMOND
An Association of Professional Entities
512 N.W. 12th Street
Oklahoma City, OK  73103
405.216.0007  - Telephone
405.232.6358  - Facsimile
gary@okatty.com - Email
**ATTORNEYS FOR IAN'S ENTERPRISE, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2020, a true and correct copy of this document was electronically served using the CM/ECF system to:

Stephen Harry
4101 Perimeter Center Drive, Suite 110
Oklahoma City, OK 73112

/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825

4

# PROMISSORY NOTE

**Borrower:**  Melody Lewis of 7100 NW 32nd St, Bethany, OK, 73008 (the "Borrower")

**Lender:**  Ian's Enterprise, LLC of 9450 SW Gemini Dr #39525, Beaverton, OR, 97008 (the "Lender")

**Principal Amount:**  $19,080.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $19,080.00 USD, without interest payable on the unpaid principal.

2. This Note will be repaid in consecutive monthly installments of $318.00 each commencing on September 1st, 2014 and continuing on the first of each following month until August 31st, 2019 with the balance then owing under this Note being paid at that time.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. Notwithstanding anything to the contrary in this Note, if the Borrower defaults in the performance of any obligation under this Note, then the Lender may declare the principal amount owing and interest due under this Note at that time to be immediately due and payable.

5. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 5.25 percent per annum from the date of demand until paid.

6. If any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

7. This Note will be construed in accordance with and governed by the laws of the State of Oklahoma.

8. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

9. Payments to be allocated to lease amounts owed by Borrower to Lender before allocating payments to this Promissory Note.

[signatures: ML / P-06068]    Exhibit "A"

DocuSign Envelope ID: C3C4DBEF-4AA2-4B2C-96A3-5BDFD54B2D4E

10. Default by Borrower under this Promissory Note affords Lender an additional right to exercise default options under any lease between Borrower and Lender.

11. CHOICE OF COURT. Any and all actions and proceedings arising out of or relating directly or indirectly to any and all matters in dispute between the parties to this Promissory Note, whether arising from or relating to the Promissory Note itself, or arising from alleged extra-contractual facts prior to, during, or subsequent to the Promissory Note, including, without limitation, fraud, misrepresentation, negligence or any other alleged tort or violation of the contract, shall be filed and litigated exclusively in any court located in Oklahoma County of the State of Oklahoma, regardless of the legal theory upon which such matter is asserted.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 14th day of August, 2014.

**SIGNED, SEALED, AND DELIVERED**
this 14th day of August, 2014.

*Melody Lewis* (DocuSigned)
Melody Lewis

**SIGNED, SEALED, AND DELIVERED**
this 14th day of August, 2014.

Ian's Enterprise, LLC
Per: *Ian Rupert* (DocuSigned) (SEAL)

8/14/2014

©2002-2014 LawDepot.com™

DocuSign SECURED

## Certificate of Completion

Envelope Number: C3C4DBEF4AA24B2C96A35BDFD54B2D4E
Subject: 20140814_Promissory Note - Melody Lewis
Source Envelope:
Document Pages: 2                      Signatures: 2
Certificate Pages: 5                   Initials: 2
AutoNav: Enabled
EnvelopeId Stamping: Enabled

Status: Completed

Envelope Originator:
Ian Rupert
9450 SW Gemini Dr #39525
Beaverton, OR 97008
ian@iansenterprise.com
IP Address: 166.137.144.168

## Record Tracking

Status: Original
    8/14/2014 6:03:04 PM CT

Holder: Ian Rupert
ian@iansenterprise.com

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Ian Rupert<br>ian@iansenterprise.com<br>Owner<br>Ian's Enterprise<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>    Not Offered<br>    ID: | DocuSigned by:<br>*Ian Rupert*<br>—0F4A76F0B002469...—<br><br>Using IP Address: 166.137.144.168 | Sent: 8/14/2014 6:05:42 PM CT<br>Viewed: 8/14/2014 6:05:48 PM CT<br>Signed: 8/14/2014 6:05:56 PM CT |
| Melody Lewis<br>melodylws@gmail.com<br>Security Level: Email, Account Authentication (None), Access Code<br><br>Electronic Record and Signature Disclosure:<br>    Accepted: 6/20/2014 7:46:57 AM CT<br>    ID: 98a23581-a63c-4565-bcbc-15d6273aca72 | DocuSigned by:<br>*Melody Lewis*<br>—432204F814204C9...—<br><br>Using IP Address: 70.215.204.48<br>Signed using mobile | Sent: 8/14/2014 6:05:42 PM CT<br>Viewed: 8/14/2014 6:11:36 PM CT<br>Signed: 8/14/2014 6:12:16 PM CT |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Evernote<br>igris4him.95a58@m.evernote.com<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>    Not Offered<br>    ID: | COPIED | Sent: 8/14/2014 6:12:18 PM CT |

| Notary Events | | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|

P-00070

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 8/14/2014 6:12:18 PM CT |
| Certified Delivered | Security Checked | 8/14/2014 6:12:18 PM CT |
| Signing Complete | Security Checked | 8/14/2014 6:12:18 PM CT |
| Completed | Security Checked | 8/14/2014 6:12:18 PM CT |

**Electronic Record and Signature Disclosure**